**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ADAM KELL BOBB, PLAINTIFF**

**v. CIVIL ACTION NO. 4:26cv00226-JM**

**LINCOLN NATIONAL LIFE INSURANCE COMPANY, DEFENDANT**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Adam Kell Bobb ("Plaintiff"), and states as follows:

## JURISDICTION AND VENUE

1. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the Trinity Village, Inc. Long-Term Disability Plan (the "LTD Plan"), along with other relief, but Lincoln denies that Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and that venue of this action is proper in this Court. To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Lincoln admits that Plaintiff was, at certain times, employed by Trinity Village and a participant in the LTD Plan. Lincoln admits that it issued Group Disability Income Policy Number 000010201375 (the "Policy") to Trinity Village, which Policy, at certain times, insured benefits paid by the LTD Plan. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that the LTD Plan is an employee welfare benefit plan as defined by ERISA. Lincoln admits that it issued the Policy to Trinity Village, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it is an Indiana corporation that is legally authorized to do business in the State of Arkansas. Lincoln admits that Plaintiff was, at certain times, employed by Trinity Village and a participant in the LTD Plan. Lincoln admits that it sent a letter to Plaintiff's counsel dated December 24, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 6 of the Complaint.

## EMPLOYEE WELFARE BENEFIT PLAN

7. Lincoln admits that Plaintiff was, at certain times, employed by Trinity Village in Arkansas and a participant in the LTD Plan sponsored by Trinity Village. Lincoln admits that the

LTD Plan is an employee welfare benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that it issued the Policy to Trinity Village, which Policy, at certain times, insured benefits paid by the LTD Plan sponsored by Trinity Village. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it was, at certain times, the claims administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it sent letters to Plaintiff's counsel dated December 24, 2024, and October 23, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that it was, at certain times, the claims administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action and that Plaintiff's claims in the Complaint are governed by ERISA. Lincoln denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 12 of the Complaint.

## HISTORY OF THE CLAIM

13. Lincoln admits that Plaintiff was, at certain times, employed by Trinity Village and that Plaintiff's last day at work at Trinity Village was June 17, 2021. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that it sent a letter to Plaintiff's counsel dated December 24, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies all allegations contained in Paragraph 18 of the Complaint.

19. Lincoln denies all allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies all allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies all allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies all allegations contained in the RELIEF SOUGHT section of the Complaint, including Paragraphs 1-5 thereunder, and denies that Plaintiff is entitled to the relief sought in the Prayer for Relief of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for LTD benefits from the Plan under the Policy beyond December 26, 2024, in that Plaintiff has not submitted a second-level appeal of the denial of such claim, as required by the terms of the Policy, and as stated in Lincoln's October 23, 2025, letter to Plaintiff.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment dismissing this action with prejudice, that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 3rd day of April 2026.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marcus Vaden
Email: mvaden@marcusvaden.com

| | |
|---|---|
| April 3, 2026 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |